**Annie LUDWIG, Plaintiff–Appellant,**

v.

**ROCHESTER PSYCHIATRIC CENTER, New York State Office of Mental Health, Defendants–Appellees.**

**No. 08–2361–cv.**

United States Court of Appeals, Second Circuit.

Oct. 1, 2009.

Christina A. Agola, Rochester, N.Y., for Plaintiff–Appellant.

Andrew B. Ayers (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, on the brief) for Andrew M. Cuomo, Attorney General of the State of New York, Albany, N.Y., for Defendants–Appellees.

Present: WALKER, ROBERT A. KATZMANN, and JANE R. ROTH,[*] Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Annie Ludwig appeals from a judgment of the United States District Court for the Western District of New York (Larimer, *J.* ) dated May 6, 2008, granting defendants-appellees' motion for summary judgment and dismissing the amended complaint with prejudice. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the grant of summary judgment *de novo*, "examining the evidence in the light most favorable to, and drawing all inferences in favor of, the non-movant." *Sheppard v. Beerman,* 317 F.3d 351, 354 (2d Cir.2003). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

To establish a *prima facie* case of retaliation under Title VII,[1] Ludwig must "adduce evidence sufficient to permit a rational trier of fact to find" that (1) she engaged in an activity protected by Title VII, (2) "the employer was aware of this activity," (3) "the employer took adverse action against [her]," and (4) "a causal connection

exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action." *Kessler v. Westchester County Dep't of Soc. Servs.,* 461 F.3d 199, 205–06 (2d Cir.2006) (internal quotation marks omitted). If the employee establishes a *prima facie* case, "a presumption of retaliation arises" and the employer then must "articulate a legitimate, non-retaliatory reason for the adverse employment action." *Jute v. Hamilton Sundstrand Corp.,* 420 F.3d 166, 173 (2d Cir. 2005). "[O]nce an employer offers such proof, the presumption of retaliation dissipates and the employee must show that retaliation was a substantial reason for the adverse employment action." *Id.*; *see also McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Assuming *arguendo* that Ludwig established a *prima facie* case of retaliation, her claim nonetheless fails because she failed to demonstrate that the defendants' legitimate, non-retaliatory reasons for her reassignment were pretextual. Ludwig contends that these reasons were pretextual because they were inconsistent. Although a defendant's inconsistent justifications for an employment action can be sufficient for a plaintiff to establish pretext, *see Norville v. Staten Island Univ. Hosp.,* 196 F.3d 89, 97–98 (2d Cir.1999), we see no inconsistencies in the various articulations offered by the defendants for why Ludwig was reassigned to the Regional Forensic Unit.

We have considered all of Ludwig's arguments and find them to be without merit. Accordingly, for the reasons set forth

---

[*] The Honorable Jane R. Roth, United States Court of Appeals for the Third Circuit, sitting by designation.

1. Ludwig's claim under the New York State Human Rights Law is subject to the same analysis. *See Salamon v. Our Lady of Victory*

*Hosp.,* 514 F.3d 217, 226 n. 9 (2d Cir.2008) ("We typically treat Title VII and NYHRL discrimination claims as analytically identical, applying the same standard of proof to both claims.").

above, the judgment of the district court is hereby

**AFFIRMED.**